IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RUBEN VASQUEZ,

    Petitioner,                                 CASE NO. 2:13-cv-0759
                                                      CRIM. NO. 2:11-cr-176(1)

    v.

                                                        JUDGE PETER C. ECONOMUS
UNITED STATES OF AMERICA,        Magistrate Judge Kemp

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

Petitioner Ruben Vasquez, convicted in this Court of conspiracy to distribute more than 1,000 kilograms of marijuana, has now filed a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. §2255. In his amended motion filed on October 28, 2013, he claims that his attorney was constitutionally ineffective because "[petitioner received a sentence that may be in excess of an otherwise legally available sentence." *Motion to Vacate*, Doc. 50. The case is currently before the Court for a preliminary review as provided for in Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court. That Rule says that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion ...." Because it plainly appears from petitioner's motion and the records of this Court that his claim has no merit, it will be recommended that the motion to vacate be denied.

II. Procedural History

On July 14, 2011, the grand jury indicted Mr. Vasquez. He was charged with conspiring with other persons, between 2005 and February, 2009, to distribute 1000 kilograms or more of marihuana. (Doc. 1).

Mr. Vasquez was arrested and appeared before the Court on September 16, 2011. He was arraigned five days later and pleaded not guilty. On January 9, 2012, Mr. Vasquez appeared before the Honorable Peter C. Economus and changed his plea to guilty. His plea agreement (Doc. 31) stated that the maximum term of imprisonment Mr. Vasquez was facing was life, with a mandatory minimum of ten years. Plea Agreement, ¶2. The parties agreed, however, that "a ten (10) year prison term, a five-year period of supervised release, and a $100 special assessment is the appropriate sentence as a result of defendant's conviction for Count One" and noted that "[t]his is a binding agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure." Plea Agreement, ¶3.

The Probation Office then prepared a presentence investigation report. In the final version of the report, or PSI, dated March 22, 2012, the Probation Officer calculated a guideline range for Mr. Vasquez of 121-151 month. The PSI also pointed out that the mandatory minimum sentence in this case, as provided for in 21 U.S.C. §§846 and 841(b)(1)(a)(vii), was 10 years, or 120 months. That is so because 21 U.S.C. §846 states that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy," and §841(b)(1)(a)(vii) says that

-2-

anyone found guilty of distributing "1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 1,000 or more marijuana plants regardless of weight ... shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life ...." Neither petitioner nor the United States objected to the PSI.

Judge Economus did not have to accept the parties' agreement about a ten-year sentence. He did so, however, and in the Judgment and Commitment Order filed on May 7, 2012, sentenced petitioner to the agreed sentence of 120 month - one month below the bottom of the guideline range.

On November 29, 2012, petitioner filed a motion for leave to proceed *in forma pauperis* and asked the Court to order his appointed counsel to provide him with copies of portions of the record. He also asked that portions of the record be unsealed. The Court granted this latter request but noted that if petitioner wished to obtain transcripts of the change of plea and sentencing hearings, which had not, to that point, been transcribed, he needed to order them and pay for them. (Doc. 46).

Petitioner filed his initial motion to vacate on July 30, 2013, having signed it nine days earlier. He also asked the Court to hold the matter in abeyance until he was able to obtain the transcripts he wanted. (Docs. 47 and 48). The Court responded with an order providing petitioner with more specific information about how to obtain the transcripts. (Doc. 49). He then filed, on October 28, 2013, an amended motion to vacate and a supporting memorandum. In those documents (Docs. 50 and 51) he raises a single claim of ineffective assistance of counsel relating to the guideline sentence calculation. In brief,

petitioner contends that counsel should have objected to the way in which his criminal history category was calculated, and that had counsel raised the appropriate objection, his guideline range would have been 108 to 135 months rather than 121 to 151 months.

### III. Discussion

There might be some question about the timeliness of the petition. Under 28 U.S.C. §2255(f), a motion under §2255 must be brought within one year of the date that the conviction becomes final. "Where a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed." United States v. Taste, 840 F.Supp. 2d 1039, 1040 (S.D. Ohio 2011). Petitioner's conviction became final on May 21, 2012, fourteen days after judgment was entered, but he did not actually file a motion to vacate until July 22, 2013, and that motion did not cite any grounds for relief.

Here, petitioner might argue that while he was diligently attempting to obtain portions of the record, the statute of limitations ran, and that he should not be penalized for not having filed in time. The Court need not address any timeliness argument, however. The statute of limitations is not jurisdictional, meaning that the Court may, if it chooses, address the merits of a §2255 motion even if it is late. Pough v. United States, 442 F.3d 959, 964-66 (6th Cir. 2006). The Court will follow that option here.

Petitioner is claiming ineffective assistance of counsel. He pleaded guilty. As the Court of Appeals said in Pough, supra, at 966:

> Under the familiar standard announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), [a petitioner] must prove that (1) his trial "counsel's representation fell below an objective standard of

>reasonableness," id. at 687-88, 104 S.Ct. 2052, and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. The Supreme Court has modified Strickland 's prejudice prong in the context of guilty pleas, holding that a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Petitioner is not actually challenging any aspect of his guilty plea; rather, he contends that his sentence may have been unlawful, and that counsel erred in failing to point that out. As to this type of claim, a petitioner is entitled to relief only if "there is a reasonable probability that ... his sentence would have been different but for his trial counsel's error." Newman v. United States, 162 F.3d 1162, *3 (6th Cir. Aug. 19, 1998)(Table).

Petitioner's argument represents a fundamental misunderstanding of the law in several respects. First, even under his theory of the case, he received a sentence that was in the guideline range and which did not exceed the statutory maximum of life in prison. That is a lawful sentence. His attorney therefore could not have been ineffective for failing to argue that it was not.

Petitioner seems to be saying, however, that had Judge Economus known that the guideline range - which is not binding on the Court after United States v. Booker, 543 U.S. 220 (2005) - was somewhat lower than the calculation made in the PSI and accepted by the Court, he might have given petitioner a shorter sentence. This argument fails for three separate reasons. First, in the plea agreement petitioner specifically agreed to a ten-year sentence. Once the Court accepted the agreement, it was required to give petitioner that

exact sentence. United States v. Perez, 464 Fed.Appx. 467, 469 (6th Cir. Feb. 29, 2012)("Having accepted [defendant]'s guilty plea [under a Rule 11(c)(!)(C) agreement], the district court was bound to impose the stipulated sentence"). Second, even if the Court was not required to give petitioner the sentence he bargained for, it could not have given him a lower sentence because ten years is the minimum sentence allowed for the charge he pleaded guilty to. When Congress prescribes a minimum sentence by statute, a court is simply not free to impose a lesser sentence unless some other statute allows it to do so. United States v. Cecil, 615 F.3d 678 (6th Cir. 2010). Finally, under §5G1.1 of the Sentencing Guidelines, petitioner's guideline range would not, in fact, have been 108-135 months even if he is correct about how his criminal history points should have been calculated. That section states that where a mandatory minimum sentence falls within a guideline range, the sentence imposed by the Court may not be "less that any statutorily required minimum sentence." Essentially, this means that any guideline calculation could not have produced a range of less than 120 months. Even if the entire range had been less (for example, 70-87 months), the mandatory minimum sentence of 120 months, or ten years, would have been the appropriate guideline sentence. See, e.g., United States v. Joiner, 727 F.3d 601, 606-08 (6th Cir. 2013).

All of this means that even if counsel had available to him some argument about the way in which the criminal history points were calculated, that argument would not have changed the results of this case in the slightest. By statute, the Court could not have sentenced petitioner to less than ten years in prison. By agreement of the parties, and

-6-

through acceptance of that agreement by the Court, the Court could not have sentenced him to more than ten years. The Court sentenced him to exactly ten years. That is the beginning and the end of any analysis of the question posed by the petition. The outcome would have been the same no matter how counsel approached the criminal history issue. Since that is so, petitioner is not entitled to any relief.

## IV. Recommended Decision

For all these reasons, the Court **RECOMMENDS** that the motion to vacate be **DENIED** and that this matter be **DISMISSED.**

## V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal

the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                /s/ Terence P. Kemp
                                                United States Magistrate Judge