**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RUBEN VASQUEZ,**

      **Petitioner,**

      **v.**

**UNITED STATES OF AMERICA,**

      **Respondent.**

      **CASE NO. 2:13-CV-0759**
      **CRIM. NO. 2:11CR176(1)**
      **JUDGE PETER C. ECONOMUS**
      **Magistrate Judge Kemp**

## OPINION AND ORDER

On November 6, 2013, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed.  Petitioner has filed his *Objection* to the Magistrate Judge's *Report and Recommendation*.  Doc. No. 56.  For the reasons that follow, Petitioner's *Objection,* Doc. No. 56, is **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

Petitioner's underlying January 9, 2012, conviction on conspiracy to distribute more than 1,000 kilograms of marijuana is the result of his *Plea Agreement* under which the parties agreed that, although Petitioner faced life in prison, with a mandatory minimum term of ten years, he would be sentenced to ten years with five years supervised release.  Petitioner's recommended sentence under the United States Sentencing Guidelines was 121 to 151 months incarceration.  In a judgment entry filed on May 7, 2012, the Court imposed the agreed on sentence of 120 months imprisonment.

In his sole claim for habeas corpus relief, Petitioner asserts he was denied effective assistance of counsel because his attorney failed to object to the way Petitioner's criminal history was calculated.  Petitioner argues that, had his attorney done so, Petitioner's recommended sentence under the United States Sentencing Guidelines would have been 108 to 135 months, because Petitioner's 2005 arrest in Illinois on money laundering was later reversed.  Petitioner contends that he thereby wrongly was assessed two criminal history points and sentenced to 120 months.

As discussed by the Magistrate Judge, even assuming Petitioner could establish that his attorney performed in a constitutionally ineffective manner by failing to argue that Petitioner's criminal history category, and therefore his recommended sentence under the United States sentencing guidelines, was improperly calculated, he cannot establish any prejudice as that term is defined in *Strickland v. Washington*, 466 U.S. 668 (1984).  The District Court sentenced Petitioner to the mandatory minimum sentence for his offense of conviction.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons already detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection*, Doc. No. 56, is **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**